| Barnett Faltinali vs. The Great Atlantic & Pacific Tea Company | No. 85874. |

February 15, 1934.

CARPENTER, J. This is an action to recover damages for personal injuries sustained while working as an employee of the defendant company. The case was tried before a jury and the jury returned a verdict for the plaintiff in the sum of $5,000. Motion for a new trial was filed, alleging the usual grounds.

It appeared from the evidence that the plaintiff worked for the defendant company in its storehouse or warehouse in the city of Providence and that he was injured, as he alleged, because the defendant company negligently and carelessly allowed and permitted the floor of the said warehouse to become and remain in an unsafe and dangerous condition, by reason of the fact that the contents of a certain barrel containing spinach, which had theretofore been dumped or spilled upon the floor, was allowed to and did remain on the floor, so that when the plaintiff was removing or handling a barrel of potatoes, the workman engaged with him slipped upon the spinach which had been allowed to remain there and caused the barrel of potatoes which was being handled by the plaintiff and said workman to fall upon the plaintiff's left leg and foot.

The evidence tended to show that the plaintiff and a workman were engaged in handling potatoes in the warehouse; that spinach had been allowed to lie upon the floor, and, by reason of the spinach being upon the floor, the workman slipped, causing the barrel of potatoes to fall upon the plaintiff's foot and leg.

The question submitted to the jury was a rather narrow one. The defendant came within the provisions of the Workmen's Compensation Act but had not accepted the same. Therefore, the only question for the jury to decide was as to whether or not the allowing of the spinach to remain upon the floor in the manner described in evidence was careless and negligent.

There was much evidence both, from the plaintiff and from the defendant, as to the manner in which the vegetables were handled and as to the manner in which the floor was taken care of. The jury, from their verdict, felt that as a matter of fact the defendant was negligent and had not kept the floor in a condition so that it would be reasonably safe for the workmen to do their work. This Court feels that the jury were justified in their finding as to liability.

As to the amount of the verdict, this Court listened to the evidence very carefully as to the extent of the injuries and does not feel that the sum of $5,000 was excessive.

Therefore, this Court feels that substantial justice has been done and the motion for a new trial is denied.

For plaintiff: Edward F. McElroy, Henry M. Boss, W. L. Matzner.

For defendant: Swan, Keeney & Smith.